Walter H. Sweek, OSB No. 620920
Internet e-mail: wsweek@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone:   (503) 323-9000
Facsimile:   (503) 323-9019

Jeffrey R. Williams (California Bar No. 084156) *Pro Hac Vice*
P. Mark Mahoney (California Bar No. 232549) *Pro Hac Vice*
pmahoney@schiffhardin.com
Schiff Hardin LLP
One Market Plaza, Spear Street Tower
San Francisco, CA  94105
Telephone:  (415) 901-8700
Facsimile:   (415) 901-8701

Attorneys for Defendants Techtronic Industries North America, Inc.,
One World Technologies, Inc., and Ryobi Technologies, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KRISTOPHER EDWARDS,<br><br>       Plaintiff,<br><br>v.<br><br>TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. AND RYOBI TECHNOLOGIES, INC.,<br><br>       Defendants. | Case No. 3:13-cv-01362-SI<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE** |

Defendants Techtronic Industries North America, Inc., One World Technologies, Inc., and Ryobi Technologies, Inc. ("Defendants") hereby submit the following Opposition to Plaintiff Kristofer Edwards' ("Plaintiff") Motions in Limine.

## I.   RESPONSE TO PLAINTIFF'S STATEMENT OF BACKGROUND FACTS

In providing the factual background for this matter, Plaintiff has focused on Defendants' alleged refusal to license the SawStop technology or alleged choice not to

Page 1 -   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**
                                                                                      2319264

use such technology. In doing so, Plaintiff erroneously seeks to leave this Court with the impression that the subject table saw was defective or unreasonably dangerous because it did not incorporate flesh detection technology, or that no efforts were made by the table saw industry to evaluate such technology. Plaintiff, however, omits certain crucial factual material from his Statement of Background Facts.

First, Plaintiff fails to note that the subject table saw, which was manufactured in 2011, complied with all applicable industry and safety standards in place at the time of its manufacture, including the current 7th Edition of UL 987. Second, at the time of the subject table saw's manufacture, there were no government, state, or industry standards or regulations mandating the incorporation of flesh detection technology onto table saws. To this day, there remain no such requirements. In fact, an Underwriters Laboratories ("UL") Performance Standard concerning flesh-detection technology was rejected by UL in April of this year. And third, prior to using the subject table saw, Plaintiff and/or his employer removed the factory installed riving knife and failed to install the included blade guard—all of which Plaintiff concedes would have prevented his accident had they been installed as directed—which was then followed by Plaintiff's failure to follow even basic safety practices while using the saw.

## II.  OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 RELATING TO MONOPOLY ARGUMENTS

Plaintiff claims that Defendants should be prohibited from arguing to the jury that Plaintiff and Dr. Gass are seeking to "deprive consumers of freedom of choice" and to force them to pay for expensive technology through a monopoly. Plaintiff argues that "freedom of choice" is not a defense to a product liability action; that there is no evidence SawStop's patents threaten to create a monopoly; and that the probative value of such evidence is substantially outweighed by unfair prejudice. None of these arguments has merit, and Defendants should be permitted to offer evidence on the effect that the forced incorporation of SawStop would have on consumers' ability to

Page 2 -   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

purchase an affordable, benchtop table saw like the $200 Ryobi RTS20 that Plaintiff was using at the time of his accident.

### A.  "Freedom of Choice" Is Highly Relevant to the Issues in Dispute.

Plaintiff provides no authority whatsoever for his bare claim that issues relating to consumers' freedom of choice or a potential monopoly in the table saw market are irrelevant, instead arguing irrelevance on the ground that the issues do not constitute defenses to a product liability action. (Plaintiff's Motions in Limine at 5.) However, whether a piece of evidence by itself will absolve a party of liability is not the test of relevance; instead, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, evidence that the incorporation of flesh-detection technology would effectively destroy the market for inexpensive, yet safe, small, and lightweight table saws is relevant to whether flesh-detection technology was technologically and economically feasible in 2011 when the subject saw was manufactured, and is thus relevant to the ultimate determination the jury is asked to make regarding whether the subject table saw was defectively designed. For this reason, Defendants intend to argue and set forth evidence demonstrating that incorporating flesh-detection into all table saws would, in effect, destroy the market for small, low-cost saws, thereby depriving consumers of this necessary segment of the power tool market.

Under Oregon's "consumer expectation" test, a product is defective only if it is determined to be "unreasonably dangerous"—that is, "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." *Russell v. Deere & Co.*, 61 P.3d 955, 958 (Or. Ct. App. 2003). Whether a product is dangerous beyond that contemplated by the ordinary consumer is generally a question of fact;

Page 3 -  **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

however, where the jury is not equipped to make that determination, additional evidence about the ordinary consumer's expectations is necessary and may consist of evidence "that the magnitude of the product's risk outweighs its utility," which includes evidence of the availability of "a practicable and feasible design alternative." *McCathern v. Toyota Motor Corp.*, 23 P.3d 320, 331-32 (Or. 2001). Indeed, the evidence must show that the suggested alternative is "not only technically feasible but also practicable in terms of cost and the over-all design and operation of the product." *Wilson v. Piper Aircraft Corp.*, 577 P.2d 1322, 1327 (Or. 1978). In addition, the evidence must show that the proposed alternative was feasible and "was commercially viable at the time the offending product was manufactured." *Appel v. Standex Int'l Corp.*, 660 P.2d 686, 688 (Or. Ct. App. 1983).

The evidence in this case will show that Dr. Gass has been issued over 100 patents covering flesh-detection technology, and that he intends to pursue patent infringement litigation as a means of accomplishing his ultimate pledge to his investors of 100% market share for SawStop's version of flesh-detection technology. The evidence will also show that Dr. Gass opted against signing a licensing agreement that was fully executed by Defendants because he wanted to change the terms of the agreement after Ryobi signed it, while simultaneously seeking from governmental agencies regulations that would mandate the use of his technology on all table saws in the market. This evidence has a tendency to make more probable the fact that incorporating SawStop technology was not feasible because of Defendants' legitimate and reasonable fear of expensive patent litigation. Under Oregon law, these issues are of consequence in determining this action. Accordingly, the evidence is relevant under FRE 401.

### B.  Defendants' Monopoly Arguments Are Relevant and Supported by Competent Evidence.

It is expected that the evidence presented at trial will establish that: (1) the only

Page 4 -   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

table saws currently sold in the marketplace that incorporate flesh-detection technology are SawStop table saws[1] (Trial Testimony of Stephen Gass at 1005:4-15, *Stollings v. Ryobi Technologies, Inc.* (N.D. Ill. July 26, 2012), Declaration of P. Mark Mahoney ("Mahoney Dec.") at ¶ 3, Ex. A); and (2) the least expensive SawStop table saw sells for $1,300.[2] Moreover, Dr. Gass and Plaintiff's retained expert Mr. Holt both opine that any saw sold without flesh-detection technology is defective and should not be sold, and that the Consumer Product Safety Commission and UL *should* mandate the use of flesh-detection technology for all table saws through regulatory requirements. (Stephen Gass, James Fulmer and David Fanning, *Petition CP 03-2: Requesting Mandatory Performance Standards for Table Saws*, Mahoney Dec. at ¶ 4, Ex. B; Declaration of Stephen Gass at ¶ 10, Mahoney Dec. at ¶ 5, Ex. C; Deposition of Darry Holt at 76:15-22, 98:22-99:2, Mahoney Dec. at ¶ 6, Ex. D.)

Dr. Gass also seeks to make it so that no other flesh-detection technology would be outside the scope of his patents (Deposition Testimony of Stephen Gass at 164:22-165:10, 175:13-18, *Landrum v. Delta* (Aug. 11, 2009), Mahoney Dec. at ¶ 7, Ex. E; Trial Testimony of Stephen Gass at 990:24-991:24, 999:17-18, *Stollings*, Mahoney Dec. at ¶ 3, Ex. A), while also increasing his demand when seeking to license his technology to other manufacturers—now demanding an up-front license fee and minimum royalties of 8% of wholesale sales—noting that SawStop "must now be careful to protect that business [of making and selling SawStop saws] and provide a return for our investors." (June 21, 2010 Letter from Dr. Stephen Gass to Shiraz Balolla, Mahoney Dec. at ¶ 8, Ex. F.) Furthermore, Dr. Gass readily admits that he is entitled to at least a limited

---

[1] While Bosch, another table saw manufacturer, plans to release a table saw with flesh-detection technology, the saw will not be available to consumers until Fall 2015 at the earliest. The 10-inch blade saw weighs over 120 pounds (with the included stand) and will retail for $1,500.

[2] Even SawStop's recently introduced "jobsite" saw weights over 100 pounds with its stand and costs approximately $1,300 at retail.

Page 5 -   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

monopoly under the terms of the patents.  (Trial Testimony of Stephen Gass at 1118:13-19, *Stollings*, Mahoney Dec. at ¶ 3, Ex. A.)

If Plaintiff and his expert intend to assert that any table saw manufactured without flesh-detection technology is unreasonably dangerous, then Defendants should be permitted to argue that Plaintiff's proposed alternative design will have adverse consequences on consumers; namely, that it will create a monopoly for Dr. Gass and SawStop, deprive consumers of the ability to buy a lightweight and affordable table saw, and that table saw prices will significantly increase such that lightweight, inexpensive, benchtop table saws will be eliminated from the market altogether.  Because a jury may consider the adverse consequences that Plaintiff's proposed alternative design imposes on consumers, such argument is proper and should not be excluded.

### C. The Probative Value of the Evidence Is Not Substantially Outweighed by Any Claimed Unfair Prejudice.

Plaintiff misleadingly cites the Seventh Circuit's decision in *Stollings* in support of his claim that the evidence at issue is unfairly prejudicial. (Plaintiff's Motions in Limine at 5-6.)  There, however, the Seventh Circuit was concerned with the manner in which the case was framed "as a joint venture between Gass and Stollings's attorneys—Mr. Carpinello and Mr. Sullivan—to coerce Ryobi and other saw manufacturers to license and use Gass's automatic braking technology."  *See Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 758 (7th Cir. 2013).  Here, Defendants have no intention of introducing evidence of a "joint venture" between Dr. Gass and Plaintiff's attorneys.  Rather, the evidence of the effect that Dr. Gass' invention will have on the market for small, lightweight, and affordable table saws relates to the economic feasibility of incorporating SawStop technology on the subject table saw, not any collusion on the part of Dr. Gass and Plaintiff's counsel.  Thus, the Seventh Circuit's reasoning in *Stollings* is inapposite.

Plaintiff offers no other authority or argument as to why the evidence at issue in

Page 6 -   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

this motion should be excluded under FRE 403. Here, the jury will be asked to undertake a balancing analysis as to whether the Ryobi RTS20 was unreasonably dangerous for its lack of flesh-detection technology in 2011, and the jury should be able to consider each and every reason why such technology was not economically feasible or practicable for Defendants. For these reasons, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine No. 1 in its entirety.

### III. OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 RELATING TO PATENT INFRINGEMENT ISSUES

Plaintiff erroneously contends that Defendants should not be permitted to discuss how potential patent infringement issues relate to the unfeasibility of incorporating SawStop technology on the grounds that Defendants have not yet shown that any technology developed by the Joint Venture ("JV") or by Defendants *actually* infringes on Dr. Gass and Sawstop's patents. Plaintiff notably offers no authority for this entirely specious argument.

As an initial matter, it is Defendants' position that evidence related to any technology developed by the JV or by Defendants is completely irrelevant, and that the evidence in this case with respect to flesh-detection technology should be limited to the state of the art that existed at the time this product was manufactured. Under Oregon law, a manufacturer's duty to design products must be judged according to the knowledge and advances that existed at the time the product was designed. Therefore, it is Defendants' position that neither the JV technology nor Defendants' attempts to incorporate the JV technology into their own table saws is relevant in this case. However, assuming that the Court allows such evidence, Defendants should be entitled to rebut this evidence by demonstrating to the jury the reasons why it is not feasible for Defendants to incorporate such technology into their product lines.

Defendants anticipate that Plaintiff's counsel will seek to elicit testimony at trial and argue before the jury that Defendants have not manufactured or distributed a table

Page 7 -   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

saw that contains flesh-detection technology such as SawStop. Yet Plaintiff now seeks to prevent Defendants from providing their rationale for their decision-making processes concerning the implementation of flesh-detection technology—essentially forbidding Defendants from addressing Plaintiff's argument and evidence in their defense. It would certainly be proper for Defendants' witnesses to testify that one reason for not incorporating flesh-detection technology into their table saws is the concern that marketing such a table saw that utilizes flesh-detection technology other than SawStop would prompt patent litigation by Dr. Gass.

Defendants may present evidence that they were concerned about the possibility of very expensive patent litigation if they had commercialized a table saw with flesh-detection technology. Such testimony is decidedly admissible and proper as it pertains to the feasibility of an alternative design, and is especially relevant here in light of the web of over 100 patents that Dr. Gass and SawStop possess relative to SawStop technology. Indeed, the potential for, and realistic threat of, expensive patent infringement litigation that would likely result from the development and commercialization of flesh-detection technology is part of the reason that Defendants chose not to market such a saw before 2011. Accordingly, Defendants are entitled to present testimony and explain to the jury why they decided not to implement flesh-detection technology on table saws, which rationale may include the *fear* of patent litigation, which does not require proof of *actual* infringement through expert testimony or otherwise.

Plaintiff's own motion demonstrates the foundation for such evidence, with Mr. Peot stating: "[W]e knew that SawStop had a number of patents, and at some point, there was a possibility that the work we were doing could possibly be infringing on some of their patents . . . ." Plaintiff's Motions in Limine at 8. Defendants need not present expert testimony to demonstrate their belief that the threat of patent infringement

Page 8 -   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

litigation impacted their decision as to whether to incorporate flesh-detection technology on the subject table saw. The mere threat of litigation had an obvious impact on Defendants' decision-making processes, as evidenced by the above quote as well as ample other evidence in the record demonstrating Defendants' legitimate fear of an infringement suit. Moreover, this fear of expensive patent litigation is also one of the bases of Defendants' expert's opinions regarding why flesh-detection technology is not a feasible alternative design. (Report of Peter Domeny at 11-12 (July 1, 2014), Mahoney Dec. at ¶ 9, Ex. G.) For these reasons, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine No. 2 in its entirety.

**IV.    OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 RELATING TO INEXPENSIVE TABLE SAW ARGUMENTS**

Plaintiff erroneously contends that Defendant should also be precluded from arguing that an appropriate factor to consider in assessing the feasibility of an alternative table saw design is the fact that requiring flesh-detection technology on benchtop table saws like the one at issue would have the effect of eliminating inexpensive table saws from the marketplace and result in consumers improvising dangerous tools as an affordable workaround. Plaintiff claims that such argument is irrelevant, unfairly prejudicial, was not disclosed by Defendants' expert Peter Domeny, but that even if it was properly disclosed, Mr. Domeny's opinion would be inadmissible under *Daubert*. These contentions are without merit.

**A.    The Practical Consequences of Plaintiff's Theories of Liability Are Relevant to the Defense.**

Here, Plaintiff alleges that the table saw at issue was defective because it was not designed to include flesh-detection technology. Because a jury is expressly required to consider the feasibility of a safer alternative design along with its financial cost and other consequences, evidence that affordable table saws would no longer be available or that consumers would seek alternative and more dangerous methods of

Page 9 -   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**
2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

performing their work is entirely relevant. Further, contrary to the representations in Plaintiff's Motion, the financial cost and consequences of the alternative design are included within Defendants' expert Peter Domeny's reported opinions.

Mr. Domeny explains that in order to properly evaluate the design of the subject RTS20 table saw, "we need to know equally well the likely table saw purchaser, user, and environmental conditions in which these tools will be used." (Report of Peter Domeny at 4 (July 1, 2014), Mahoney Dec. at ¶ 9, Ex. G.) Mr. Domeny goes on to state:

> The Ryobi model RTS20 was primarily marketed for the homeowner or tradesmen who had a need for occasional use of a small and lightweight transportable table saw. The concept behind introducing this product was to provide a table saw as a low cost, affordable alternative tool for applications that are better suited and more safely conducted on a table saw instead of inappropriate use of various portable handheld tools in a "last resort application."

*Id.* at 5. Since jurors must consider the financial cost of an improved design when analyzing its utility, the fact that the addition of SawStop flesh-detection technology would greatly increase the price of the subject saw (and any saw that is sold in the United States) is indisputably relevant to this analysis.[3] If Dr. Gass had his way, affordable table saws would no longer be available in the marketplace, and the jury must be allowed to consider the adverse consequences to the consumer that would result from Plaintiff's proposed alternative design. The fact that the price of all saws would increase if SawStop were added, thereby eliminating the inexpensive table saw from the market, is a relevant fact that should be made available to the jury because it pertains to the feasibility and financial cost of an improved design. Evidence that affordable saws would no longer be available shows that Defendants recognized that

---

[3] In addition to being significantly more expensive than the subject saw (the cheapest/basic SawStop contractor saw sells for $1,600), there is also a significant increase in cost to operate a SawStop table saw, *i.e.*, the cost of a new brake cartridge ($70-$80) and the cost of a new blade ($50-$150) each time the brake activates.

Page 10 - **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

the cost of installing flesh-detection technology was too great and would in fact prevent Defendants from reaching their target consumer base, and would have the practical effect of removing low-cost, small, lightweight table saws from the market, thereby creating the risk that consumers would revert to common unsafe alternative practices. (*See* Comment of Power Tool Institute at 19, Mahoney Dec. at ¶ 10, Ex. H.)

### B. The Probative Value of Such Argument Is Not Substantially Outweighed by Any Unfair Prejudice.

Plaintiff next contends that the evidence should be excluded under FRE 403 on the grounds that the evidence would mislead the jury, cause confusion, and result in unfair prejudice. To the contrary, evidence that affordable saws would no longer be available would assist the jury, for such evidence directly relates to factors the just must consider: feasibility, the financial cost of an improved design, and the adverse consequences to the consumer. The evidence would not result in unfair prejudice, but would instead assist the jury in assessing Plaintiff's allegation of defect.

### C. Mr. Domeny Adequately Disclosed His Opinions to Plaintiff.

Plaintiff's argument that Mr. Domeny failed to adequately disclose his opinions is also without merit. The fact that Plaintiff has filed a motion in limine seeking to bar Mr. Domeny from testifying about the adverse effect of the elimination of inexpensive table saws seriously undermines Plaintiff's argument that such testimony has not been adequately disclosed. Indeed, Plaintiff concedes that Mr. Domeny has given similar testimony "in prior depositions in other cases," thus demonstrating that this is a properly disclosed opinion. Mr. Domeny even testified to the practice of "jerry rigging" table saws during the *Stollings* trial. (Trial Testimony of Peter Domeny at 1382-86, *Stollings*, Mahoney Dec. at ¶ 3, Ex. A.)

Furthermore, Mr. Domeny's testimony on this subject more than meets the requirements of FRCP 26(a)(2), which requires parties to "disclose to the other parties

Page 11 - **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

Case 3:13-cv-01362-SI    Document 58    Filed 05/05/15    Page 12 of 15

the identity of any witness it may use at trial to present evidence" under FRE 702, 703, or 705.  Fed. R. Civ. Proc. 26(a)(2)(A).  This disclosure requirement is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses.  *See* Adv. Comm. Notes to 1993 Amendments ("The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case.").  Here, Plaintiff's motion itself demonstrates his full awareness of the opinion Mr. Domeny has offered previously regarding the adverse consequences of incorporating SawStop technology.  Since Mr. Domeny was produced for deposition in this action with Plaintiff's full knowledge of his opinions on the dangers of "improvised" table saws, Plaintiff can hardly claim a tactical disadvantage.  Moreover, Plaintiff's expert Mr. Holt testified in this action regarding the substance of Mr. Domeny's opinion:

> Q:   Is it good engineering practices for a manufacturer, let's say, of table saws to anticipate the likely consequences of users turning to other products, if the manufacturer designed its product in such a way as to make the underlying product either too expensive or too difficult to use safely, for the average user?
>
> A:   I mean, the manufacturer has to understand what feasible alternatives there are to a design, yes.
>
> Q:   Is one of those things that the manufacturer should anticipate, that if the price of a product it puts out gets to a certain point, that users are likely to turn [to] the less expensive and less safe products to accomplish the same goal?
>
> A:   I am not sure how to answer that question, because I know where you are leading to.  You are leadin to, that if a benchtop becomes too expensive or if benchtop saws that – some $100 or $200 range weren't available, that people would do what they did before -- or some people would do what they did before, and that is to plunge cut a handheld circular saw into a piece of plywood, mount it, and use it as a table saw.
>
> Q:   That is a good for instance.
>
> A:   This [is] what Mr. Domeny has said has been one of the reasons why you have benchtop saws, was to make that unnecessary.  And

Page 12 - **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

> the reason he – the reason – some of the reasons why that is not as safe as a benchtop saw is because you don't have the other features of control. You don't have a guard. You don't have the fence. You don't have the miter gauge, et cetera. Although you could have them, but they wouldn't be in that simple setup. Jig, rig, jury rig.

(Deposition Testimony of Darry Holt at 112:7-113:19 (Aug. 14, 2014), Mahoney Dec. at ¶ 6, Ex. D.) Because Mr. Domeny's opinions have been properly disclosed, discussed in numerous depositions, and even testified to at trial (facts that Plaintiff has long been aware of), Mr. Domeny should be permitted to testify to them here as well.

### D. Mr. Domeny Is Demonstrably Qualified to Render the Opinions Offered, and Plaintiff Has Failed to Show That Mr. Domeny's Opinions Do Not Withstand *Daubert* Scrutiny.

Finally, contrary to Plaintiff's remaining argument, Mr. Domeny's opinions are admissible under *Daubert*, as he is eminently qualified to render opinions behind consumers' motivations for constructing homemade table saws. As this Court is aware, Mr. Domeny spent 40 years in the power tool industry in the areas of power tool research, design, testing, and safety and standards compliance. (Report of Peter Domeny at 2, Mahoney Dec. at ¶ 9, Ex. G.) Mr. Domeny's education and specialized knowledge of these issues more than qualifies him to render opinions on the consequences of mandating the use of SawStop technology, and Plaintiff has failed to meet his burden to prove that Mr. Domeny's opinions do not meet the *Daubert* standards. For these reasons, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine No. 3 in its entirety.

## V. CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motions in Limine relating to monopoly arguments, patent infringement issues, and inexpensive table saws.

///

///

Page 13 - **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

| | |
|---|---|
| Dated: May 5, 2015 | COSGRAVE VERGEER KESTER LLP |
| | By: /s/ *Walter H. Sweek* <br> Walter H. Sweek, OSB 620290 <br> Attorneys for Defendants <br> Techtronic Industries North America, Inc.; <br> One World Technologies, Inc.; and <br> Ryobi Technologies, Inc. |
| Dated: May 5, 2015 | SCHIFF HARDEN LLP |
| | By: /s/ *P. Mark Mahoney* <br> P. Mark Mahoney, (California Bar No. 232549) *Pro Hac Vice* <br> Attorney for Defendants <br> Techtronic Industries North America, Inc.; One World Technologies, Inc.; and Ryobi Technologies, Inc. |

Page 14 - **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

2319264

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE** on the date indicated below by:

- ☒ mail with postage prepaid, deposited in the US mail,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☐ electronic mail,
- ☒ electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the document(s) generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Richard J. Sullivan
Sullivan & Sullivan, LLP
83 Walnut Street
Wellesley, MA 02481
Of Attorneys for Plaintiff

Eric D. Pearson
Heygood, Orr & Pearson
2331 West Northwest Highway, Suite 200
Dallas, TX 75220
Of Attorneys for Plaintiff

Jodie Anne Phillips Polich
Law Offices of Jodie Anne Phillips Polich
PO Box 220119
Milwaukie, OR 97269
Of Attorneys for Plaintiff

DATED: May 5, 2015

/s/ *P. Mark Mahoney*
Walter H. Sweek
P. Mark Mahoney

Page 1 - **CERTIFICATE OF SERVICE**